## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**NOVO NORDISK INC.**

    **Plaintiff**

**vs.**

                                    **CASE NO. 23-CV-689-TJC-PRL**

**WELLS PHARMACY
NETWORK, LLC**

    **Defendant**

_____ /

## WELLS PHARMACY NETWORK, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT comes Defendant Wells Pharmacy Network, LLC ("Wells Pharmacy"), which hereby answers the Complaint filed by Plaintiff Novo Nordisk, Inc. ("Plaintiff") as follows:

## ANSWER

Unless expressly admitted, all allegations in the Complaint, including any allegations in the headings, are denied. Wells Pharmacy also specifically denies that Plaintiff is entitled to the relief sought in the prayer for relief. Wells Pharmacy reserves the right to amend and/or supplement this answer.

1.

The allegations in paragraph 1 are denied for lack of knowledge or information sufficient to justify a belief therein.

2.

The allegations in paragraph 2 are denied for lack of knowledge or information sufficient to justify a belief therein.

3.

The allegations in paragraph 3 are denied for lack of knowledge or information sufficient to justify a belief therein.

4.

The allegations in paragraph 4 are denied for lack of knowledge or information sufficient to justify a belief therein.

5.

The allegations in paragraph 5 are denied for lack of knowledge or information sufficient to justify a belief therein.

6.

The allegations in paragraph 6 are denied for lack of knowledge or information sufficient to justify a belief therein.

7.

The allegations in paragraph 7 are denied for lack of knowledge or information sufficient to justify a belief therein.

8.

The allegations in paragraph 8 are denied for lack of knowledge or information sufficient to justify a belief therein.

PD.44343962.3

9.

The allegations in paragraph 9 are denied for lack of knowledge or information sufficient to justify a belief therein.

10.

The allegations in paragraph 10 are denied, except that Wells Pharmacy admits that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

11.

The allegations in paragraph 11 are denied for lack of knowledge or information sufficient to justify a belief therein, except that Wells Pharmacy admits that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

12.

The allegations in paragraph 12 are denied, except that Wells Pharmacy admits that Plaintiff attempts to interpret publications by state regulators, which are written documents that speak for themselves.

13.

The allegations in paragraph 13 are denied.

14.

The allegations in paragraph 14 are denied for lack of information to justify a belief therein, except that Wells Pharmacy admits that Plaintiff

PD.44343962.3

attempts to interpret FDA and CDC publications, which are written documents that speak for themselves.

15.

The allegations in paragraph 15 are denied for lack of knowledge or information sufficient to justify a belief therein, except that Wells Pharmacy admits that Plaintiff attempts to interpret a New York Times publication, which is a written document that speaks for itself.

16.

The allegations in paragraph 16 are denied for lack of knowledge or information sufficient to justify a belief therein, except that Wells Pharmacy admits that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

17.

The allegations in paragraph 17 are denied for lack of knowledge or information sufficient to justify a belief therein, except that Wells Pharmacy admits that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

18.

The allegations in paragraph 18 are denied for lack of knowledge or information sufficient to justify a belief therein, except that Wells Pharmacy

PD.44343962.3

admits that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

19.

The allegations in paragraph 19 are denied.

20.

The allegations in paragraph 20 are denied.

21.

The allegations in paragraph 21 are denied.

22.

The allegations in paragraph 22 are denied.

23.

The allegations in paragraph 23 are denied.

24.

The allegations in paragraph 24 are denied.

25.

The allegations in paragraph 25 are denied.

26.

The allegations in paragraph 26 are denied.

PD.44343962.3

27.

The allegations in paragraph 27 are denied; to the extent the allegations in paragraph 27 purport to restate Florida law, the statute is the best evidence of its contents.

28.

The allegations in paragraph 28 are denied; to the extent the allegations in paragraph 28 purport to restate Florida law, the statute is the best evidence of its contents.

29.

The allegations in paragraph 29 are denied; to the extent the allegations in paragraph 29 purport to restate Florida law, the statute is the best evidence of its contents.

30.

The allegations in paragraph 30 are denied.

31.

The allegations in paragraph 31 are denied for lack of knowledge or information sufficient to justify a belief therein.

32.

The allegations in paragraph 32 are denied for lack of knowledge or information sufficient to justify a belief therein.

33.

The allegations in paragraph 33 are denied for lack of knowledge or information sufficient to justify a belief therein.

34.

The allegations in paragraph 34 are denied for lack of knowledge or information sufficient to justify a belief therein.

35.

The allegations in paragraph 35 are denied, except that Wells Pharmacy admits that it is a limited liability company organized and existing under the laws of the state of Florida and that its principal place of business is 3420 Fairlane Farms Road, Wellington, FL 33414.

36.

The allegations in paragraph 36 are denied except to admit that Plaintiff alleges that jurisdiction before this Court is proper.

37.

The allegations in paragraph 37 are denied except to admit that Plaintiff alleges that jurisdiction before this Court is proper.

38.

The allegations in paragraph 38 are denied except to admit that Plaintiff alleges that venue is proper.

PD.44343962.3

39.

The allegations in paragraph 39 are denied, except that Wells Pharmacy admits that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

40.

The allegations in paragraph 40 are denied.

41.

The allegations in paragraph 41 are denied for lack of knowledge and information sufficient to justify a belief therein.

42.

The allegations in paragraph 42 are denied, except that Wells Pharmacy admits that it has compounded drugs with BPC-157 and that Plaintiff attempts to interpret FDA publications, which are written documents that speak for themselves.

43.

The allegations in paragraph 43 are denied for lack of knowledge and information sufficient to justify a belief therein.

44.

The allegations in paragraph 44 are denied.

45.

The allegations in paragraph 45 are denied.

PD.44343962.3

46.

The allegations in paragraph 46 are denied for lack of knowledge and information sufficient to justify a belief therein.

47.

The allegations in paragraph 47 are denied.

48.

Wells Pharmacy incorporates by reference, as if set forth fully herein, its responses to all prior paragraphs of the Complaint. To the extent not otherwise already answered, the allegations in paragraph 48 are denied.

49.

The allegations in paragraph 49 are denied.

50.

The allegations in paragraph 50 are denied.

51.

The allegations in paragraph 51 are denied.

52.

The allegations in paragraph 52 are denied.

53.

The allegations in paragraph 53 are denied.

54.

The allegations in paragraph 54 are denied.

9

55.

The allegations in paragraph 55 are denied.

56.

Wells Pharmacy incorporates by reference, as if set forth fully herein, its responses to all prior paragraphs of the Complaint. To the extent not otherwise already answered, the allegations in paragraph 56 are denied.

57.

The allegations in paragraph 57 are denied.

58.

The allegations in paragraph 58 are denied.

59.

The allegations in paragraph 59 are denied.

60.

The allegations in paragraph 60 are denied.

61.

The allegations in paragraph 61 are denied.

62.

The allegations in paragraph 62 are denied.

63.

The allegations in paragraph 63 are denied.

64.

Wells Pharmacy incorporates by reference, as if set forth fully herein, its responses to all prior paragraphs of the Complaint. To the extent not otherwise already answered, the allegations in paragraph 64 are denied.

65.

The allegations in paragraph 65 are denied, except Wells Pharmacy admits that Plaintiff attempts to quote the FDUTPA, which is a statute that speaks for itself.

66.

The allegations in paragraph 66 are denied, except Wells Pharmacy admits that Plaintiff attempts to quote and interpret the FDUTPA, which is a statute that speaks for itself.

67.

The allegations in paragraph 67 are denied.

68.

The allegations in paragraph 68 are denied for lack of knowledge and information sufficient to justify a belief therein.

69.

The allegations in paragraph 69 are denied.

70.

The allegations in paragraph 70 are denied.

PD.44343962.3

71.

The allegations in paragraph 71 are denied.

72.

The allegations in paragraph 72 are denied, except Wells Pharmacy admits that Plaintiff attempts to quote and interpret the FDUTPA, which is a statute that speaks for itself.

73.

The allegations in paragraph 73 are denied, except Wells Pharmacy admits that Plaintiff attempts to quote and interpret the Florida Drug and Cosmetic Act, which is a statute that speaks for itself.

74.

The allegations in paragraph 74 are denied, except Wells Pharmacy admits that Plaintiff attempts to quote and interpret the Florida Drug and Cosmetic Act, which is a statute that speaks for itself.

75.

The allegations in paragraph 75 are denied, except Wells Pharmacy admits that Plaintiff attempts to quote and interpret the Florida Drug and Cosmetic Act, which is a statute that speaks for itself.

76.

The allegations in paragraph 76 are denied.

PD.44343962.3

77.

The allegations in paragraph 77 are denied.

78.

The allegations in paragraph 78 are denied.

79.

The allegations in paragraph 79 are denied.

80.

The allegations in paragraph 80 are denied.

81.

The allegations in paragraph 81 are denied.

82.

In response to the unnumbered paragraph titled "Conclusion and Prayer for Relief" on page 30 of the Complaint, Wells Pharmacy denies that Plaintiff is entitled to the relief sought and denies, generally and specifically, each and every remaining allegation contained in Plaintiff's unnumbered "Conclusion and Prayer for Relief."

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because the Complaint, and every claim for relief stated therein, fails to state a claim against Wells Pharmacy upon which relief may be granted.

PD.44343962.3

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff cannot establish Article III standing to bring suit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the FDCA.

## FIFTH AFFIRMATIVE DEFENSE

If Wells Pharmacy engaged in any of the acts and/or omissions alleged in the Complaint, which Wells Pharmacy expressly denies, such acts and/or omissions were excused, justified, and/or authorized.

**WHEREFORE**, Wells Pharmacy Network, LLC, prays this answer be deemed sufficient and that there by judgment herein in its favor against Plaintiff, dismissing Plaintiffs' claims in their entirety and with prejudice at their cost and awarding to Wells Pharmacy its reasonable attorney fees and costs incurred in defending this matter.

## [SIGNATURE PAGE TO FOLLOW]

14

Respectfully submitted,

**PHELPS DUNBAR LLP**

/s/Michael Hooker
Michael Hooker Fla. Bar No.: 330655
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
Telephone: 813 472 7550
Facsimile: 813 472 7570
Email: michael.hooker@phelps.com

**ATTORNEY FOR WELLS
PHARMACY NETWORK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, a true copy of the foregoing pleading has been served upon counsel for Novo Nordisk, Inc. contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using this Court's CM/ECF system and/or registered email.

/s/Michael Hooker

15