**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Bryan Simpson United States Courthouse
300 North Hogan Street Suite 9-150
Jacksonville, Florida 32202
(904) 549-1900

Elizabeth M. Warren
Clerk of Court

Jim Leanhart
Jacksonville Division Manager

**DATE:** March 12, 2025

**TO:** Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NOVO NORDISK, INC.,

Plaintiff,

Case No. 5:23-cv-689-ACC-PRL

v.

WELLS PHARMACY NETWORK, LLC,

Defendant.

---

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Anne C. Conway, Chief United States District Judge appealed from.
- Appeal filing fee was paid.
- Notice of Appeal, judgment and/or Order appealed from.

ELIZABETH M. WARREN, CLERK

By: s/BD, Deputy Clerk

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**NOVO NORDISK INC.,**

**Plaintiff,**

**v.**

**WELLS PHARMACY NETWORK, LLC,**

**Defendant.**

**CASE NO. 5:23-cv-689-ACC-PRL**

**NOTICE OF APPEAL**

Plaintiff Novo Nordisk Inc., by and through undersigned counsel, hereby appeals to the U.S. Court of Appeals for the Eleventh Circuit the (1) Order granting Defendant's motion for summary judgment on February 12, 2025 (Dkt. 48); and (2) Judgment entered in favor of Defendant on February 13, 2025 (Dkt. 49).

Dated: March 11, 2025

Respectfully submitted,

*/s/Jordan S. Cohen*

Jordan S. Cohen, Esquire
Florida Bar No. 551872
JCohen@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400

Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353

Gregory L. Halperin (*Admitted pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building,
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1166
ghalperin@cov.com

Michael X. Imbroscio (*Admitted pro hac vice*)
Julie A. Dohm (*Admitted pro hac vice*)
Amee Frodle (*Admitted pro hac vice*)
Tiffany P. Rodriguez (*Admitted pro hac vice*)
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

***Attorneys for Plaintiff***
***NOVO NORDISK INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send a notice of electronic filing to all counsel of record.

*/s/Jordan S. Cohen*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NOVO NORDISK, INC.,**

**Plaintiff,**

**Case No.: 5:23-cv-00689-ACC-PRL**

**v.**

**WELLS PHARMACY NETWORK, LLC,**

**Defendant.**

---

# ORDER

This cause comes before the Court on Defendant Wells Pharmacy Network LLC's Motion for Summary Judgment (Doc. 31). Plaintiff Novo Nordisk, Inc. has filed a Response (Doc. 36), and Wells Pharmacy has filed a Reply (Doc. 40); thus, the matter is ripe for review. For the reasons stated herein, the motion is granted.

## I. BACKGROUND

### A. Factual Background

On November 29, 2023, Novo Nordisk filed suit against Wells Pharmacy to enjoin Wells Pharmacy's "unlawful business practice" of compounding, marketing, and selling adulterated, misbranded, and non-FDA approved semaglutide drugs containing the body-protecting compound 157 ("BPC-157") in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq*. and the Florida Drug and Cosmetic Act ("Florida DCA"), Fla Stat. § 499.001 *et seq*. Novo Nordisk seeks a declaration that Wells Pharmacy's business practices violate

the Lanham Act, 15 U.S.C.§ 1125(a)(1)(B) (Count I), constitute common law unfair competition (Count II), and violate the FDUTPA (Count III), and further, seeks an injunction prohibiting Wells Pharmacy from committing such violations.[1] (Doc. 1 at 30).

In its motion, Wells Pharmacy argues there is no dispute that it ceased compounding and advertising the only drug mentioned in the Complaint, rendering Novo Nordisk's claims moot, and thus, summary judgment must be granted in its favor. Wells Pharmacy argues that Novo Nordisk cannot meet its burden to prove Article III standing or the existence of an irreparable harm, which is required to obtain injunctive relief. In response, Novo Nordisk argues the plain language of the Complaint demonstrates that it has alleged a broader category of Wells Pharmacy's "semaglutide" drugs are adulterated and falsely advertised.

**1. Compounding and Bulk Substances**

By way of background, the Court summarizes the following proposed facts (Doc. 31-1), recognizing that Novo Nordisk objects to them on the grounds they state legal conclusions. The Federal Food, Drug, Cosmetic Act ("FDCA"), codified at 21 U.S.C. § 301 *et seq*., instructs the FDA to ensure the safety and efficacy of prescription drugs. Congress does not subject compounded drugs to the approval

[1] Novo Nordisk also seeks attorney's fees and court costs but does not seek monetary damages for past violations of FDUTPA or the Lanham Act. (Doc. 1 ¶ 47).

process used for new drugs because valid compounding has traditionally been seen as an appropriate means of customizing existing drugs to the needs of individual patients. *Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040 (9th Cir. 2022); *Athenex Inc. v. Azar*, 397 F. Supp. 3d 56, 59 (D.D.C. 2019), appeal dismissed sub nom. State-licensed 503A compounding pharmacies can compound drug products using bulk drug substances that either comply with U.S. Pharmacopeia or National Formulary regulations or appear on what is commonly referred to as the FDA's 503A Bulks List. FDA Guidance on Bulk Drug Substances Used in Compounding Under Section 503A of the FD&C Act, December 12, 2023, https://www.fda.gov/drugs/human-drug-compounding/bulk-drug-substances-used-compounding-under-section-503a-fdc-act.

In January 2017, the FDA issued a policy which created a safe harbor for compounding pharmacies to compound with bulk substances not included on the 503A Bulks List in certain situations in which the bulk substance has been nominated for inclusion but not yet approved or denied. *See* FDA's Interim Policy on Compounding Using Bulk Drug Substances Under Section 503A of the Federal Food, Drug, and Cosmetic Act Guidance for Industry, January 2017, at 3-4, available at https://www.fda.gov/media/94398/download. The Interim Policy categorizes the bulk substance nominations into Categories 1 through 3 based on the sufficiency of information supporting the nomination and the overall safety of the substance as determined by the nominee, their clinical studies and testing, and the FDA. *Id.*

Category 2 substances—like those at issue here—lack sufficient information to fully evaluate the safety of the bulk substance, and the FDA may take enforcement action against a compounding pharmacy compounding with a bulk substance identified on the Category 2 list. *FDA Guidance on Bulk Drug Substances Used in Compounding Under Section 503A of the FD&C Act*.

**2. Undisputed Facts**

Unless otherwise noted, the following facts are not in dispute.[2] Semaglutide is the foundational molecule which serves as the primary ingredient for Novo Nordisk's three prescription-only medicines approved by the FDA: Wegovy®, Ozempic®, and Rybelsus®. Declaration of Morten Hach, Scientific Director at Novo Nordisk A/S, a parent entity of Novo. (Doc. 36-3 at ¶ 5). Novo Nordisk is the only company in the U.S. with FDA-approved products containing semaglutide. FDA has not approved any generic versions of semaglutide. (*Id.* ¶ 7).

An active pharmaceutical ingredient ("API") is a chemical-based compound that is the main ingredient of a medicine that produces a biological effect in the body. During compounding, APIs are combined with other ingredients in order to create the medication that is dispensed to patients. Semaglutide is an API. (*Id.* ¶ 10).

[2] The Court garners these facts from Wells Pharmacy's Statement of Undisputed Facts (Doc. 31-1), Novo Nordisk's Response thereto (Doc. 36-1), and Novo Nordisk Inc.'s Statement of Additional Undisputed Material Facts (Doc. 36-2).

Beginning in 2022, Wells Pharmacy began compounding and dispensing a sterile semaglutide + BPC-157 preparation at its Ocala, Florida facility to address side effects caused by semaglutide. *See* Declaration of Kristopher Fishman, President of Wells Pharmacy Network, LLC. (Doc. 31-2); *see also* Advertisement, attached as Exhibit A to Complaint (Doc.1-1). Wells Pharmacy's Ocala, Florida facility is a registered 503A compounding pharmacy. (Doc. 31-2 at ¶¶ 3-4). Prior to this, Wells Pharmacy submitted an application to the FDA to nominate BPC-157 to the FDA Bulks List in November 2020. (*Id*. at ¶ 5-6).

Some presentations of semaglutide injections, including Wegovy® and Ozempic®, have been on the FDA's drug shortage list since approximately March 31, 2022. (Doc. 36-3 at ¶ 8). However, the specific presentations of semaglutide injection in shortage have changed over time. *Id*. For example, non-injectable semaglutide (Rybelsus®) has never been listed on the FDA's drug shortage list. (*Id*. ¶ 10).

In conjunction with its compounding of semaglutide + BPC-157, Wells Pharmacy marketed its product as having the possibility of promoting healing and faster cell regeneration. *See* Advertisement, attached as Exhibit A to Complaint (Doc. 1-1). The allegedly improper advertisement includes:




(Doc. 1 at 12). According to Novo Nordisk, the statement in this advertisement that Wells Pharmacy's compounded product as "[a]pproved in 2021 by FDA for chronic weight management in obese/overweight adults" refers to Novo Nordisk's semaglutide medicines rather than Wells Pharmacy's unapproved compounded drug, thus misleading the consumer. (Doc. 1 at ¶ 21). Novo Nordisk explains that the ad quotes Dr. Timothy Garvey discussing the clinical trials of Novo Nordisk's semaglutide medicines, rather than Wells Pharmacy's compounded drug. (Doc. 36-5 at ¶¶ 26, 30). It states:



(Doc. 1 at ¶ 22). At the time Wells Pharmacy was compounding its sterile semaglutide + BPC-157 preparation, BPC-157 was nominated for inclusion on the 503A Bulks List and had not been deemed unsuitable for the FDA's review. (Doc. 31-2 at ¶¶ 5-6). On September 29, 2023, the FDA issued a new guidance document which recategorized several 503A Bulk List nominees, including BPC-157. *See* Category 2 of the Bulk Substances Nominated Under Sections 503A or 503B of the Federal Food, Drug, and Cosmetic Act, Dec. 12, 2023, https://www.fda.gov/drugs/human-drug-compounding/safety-risks-associated-certain-bulk-drug-substances-nominated-use-compounding. The FDA has stated that "[c]ompounded drugs containing BPC-157 may pose risk for immunogenicity for certain routes of administration and may have complexities with regard to peptide-related impurities and API characterization." (Doc. 36-3 at ¶ 26). Citing its inability to locate any safety-related information pertaining to potential interactions with other peptides and active pharmaceutical ingredients, the FDA added BPC-157 to the Category 2 nomination list. *See id.*

According to Wells Pharmacy, following the FDA's action, Wells Pharmacy immediately ceased all purchases of bulk BPC-157. (Doc. 31-2 at ¶¶ 7-8) (noting that last purchase of BPC-157 was made on September 22, 2023). Wells Pharmacy sold its then-existing inventory of BPC-157 products—the last of which it agreed to fill the day before Novo Nordisk filed its lawsuit and ceased compounding with BPC-157. (*Id.* at ¶ 9) (noting that the last dispensed product was requested on

November 28, 2023); (Doc. 32-1); (Doc. 34-1). According to Wells Pharmacy, Novo Nordisk's claims are directly tied to the change in the FDA's position regarding BPC-157. (Doc. 1 ¶ 42, n.28).

Wells Pharmacy has presented evidence that the advertisement was withdrawn and replaced on May 2, 2023—more than six months before Novo Nordisk filed suit. (Doc. 31-2 at ¶¶ 7-8). Wells Pharmacy also represents it has ceased all advertising of its sterile semaglutide + BPC-157 preparations because it no longer compounds with BPC-157. (*Id.* at ¶ 11). Wells Pharmacy never received a complaint or a notice of an adverse event in connection with its sterile semaglutide + BPC-157 preparations. (*Id.* at ¶ 13). Wells Pharmacy did not stop compounding BPC-157 in response to Novo Nordisk Inc.'s lawsuit. (*Id.* at ¶ 14). Wells Pharmacy will not resume compounding with BPC-157 unless the FDA changes its position on the safety and efficacy of BPC-157 and adds it to the FDA Bulks List or the Category 1 Nomination List. (*Id.* at ¶ 15).

Testing on Novo Nordisk's behalf was conducted on multiple samples of compounded semaglutide obtained from Wells Pharmacy. (Doc. 36-3 ¶ 15). These tests compared Wells Pharmacy's compounded semaglutide drugs[3] to Novo

[3] The parties disagree as to the scope of Novo Nordisk's claims. According to Novo Nordisk, its Complaint "makes plain that its adulteration claim is based in part on the inclusion of BPC-157, but separately based on the impurities found in the testing of Wells Pharmacy's "semaglutide" drugs. (Doc. 36 at 12, citing Doc. 1 at ¶¶ 13, 14, 17). Wells Pharmacy disagrees and argues Novo Nordisk attempts to defeat summary judgment by raising new claims. (Doc. 40 at 8).

Nordisk's pharmaceutical-grade semaglutide API in Novo Nordisk's FDA-approved semaglutide medicines. (*Id.* ¶ 16). The testing also revealed that Well Pharmacy's compounded semaglutide contains semaglutide-related impurities that are not found in Novo Nordisk's semaglutide API in Novo Nordisk's FDA-approved semaglutide medicines. (*Id.* ¶ 19).

**B. Procedural History**

Novo Nordisk commenced this action on November 29, 2023, (Doc. 1), and Wells Pharmacy filed its answer on February 5, 2024. (Doc. 18). On July 29, 2024, Wells Pharmacy filed its Motion for Summary Judgment, (Doc. 31) and Novo Nordisk filed its Response on August 19, 2024. (Doc. 36). On September 3, 2024, Wells Pharmacy filed its Reply. (Doc. 40). On January 8, 2025, the case was transferred to the undersigned. (Doc. 44).

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must satisfy this initial burden by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Norfolk S. Ry. Co. v. Groves*, 586 F.3d 1273, 1277 (11th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In response, "a party opposing a properly

supported motion for summary judgment may not rest upon mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 256 (1986) (citation and internal quotation marks omitted).

The movant is entitled to summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. In deciding whether to grant summary judgment, the Court resolves all ambiguities and draws all permissible factual inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003) (citation omitted).

Federal courts cannot weigh credibility at the summary judgment stage. *See Feliciano v. City of Mia. Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) ("Even if a district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices." (citation and internal quotation marks omitted)). Therefore, the Court will "make no credibility determinations or choose between conflicting testimony, but instead [will] accept [the non-moving party's] version of the facts drawing all justifiable inferences in [the non-movant's] favor." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). Notwithstanding this inference, "[t]here is [still] no genuine issue for trial unless the non-moving party establishes, through the record presented to the

court, that [she] is able to prove evidence sufficient for a jury to return a verdict in [her] favor." *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996).

## III. ANALYSIS

### A. Discovery

After the Motion for Summary Judgment was filed, and after Novo Nordisk responded, the parties filed a Joint Motion to Stay Discovery (Doc. 37). In the joint motion, the parties "agreed to stay discovery pending the resolution of Defendant's Motion for Summary Judgment' and represented that a temporary stay would be "[c]onsistent with Federal Rule of Civil Procedure 1" and would "avoid prejudice to either party," citing case law for the proposition that courts may, for good cause, issue an order to protect a party or person from undue burden or expense. (Doc. 37 at 3). The stay was granted by Judge Corrigan on September 3, 2024. (Doc. 39).

In its Response to the Motion for Summary Judgment, filed before the joint motion to stay, Novo Nordisk took the position that "many facts remain undiscovered that would allow both Novo [Nordisk] to respond properly to [the] Motion and the parties to understand the claims and defenses at issue in this case." (Doc. 36 at 8). Novo Nordisk argues that "Wells [Pharmacy] contends that 'the allegedly improper advertisement attached to Plaintiff's complaint as Exhibit A was withdrawn and replaced on May 2, 2023'—with Novo having had no opportunity to

discover whether the replacement contains the same unlawful language." *Id.* at 15. It made a similar argument with respect to the ceased sale of the semaglutide drug:

> Simply put, Wells cannot properly ask this Court to agree it voluntarily ceased its egregiously unlawful behavior—selling "semaglutide" drugs that contain 33% impurities, and falsely advertising its drugs as FDA-approved—based on a self-serving declaration with no guarantee it will not continue that behavior absent an injunction, and with no opportunity to test that assertion through discovery.

(*Id.* at 16). Furthermore, in Novo Nordisk's response to Wells Pharmacy's Statement of Undisputed Facts, it repeatedly objects to multiple proposed undisputed facts on the grounds that "Wells Pharmacy has refused to provide discovery responsive to requests" which would allow Novo Nordisk to respond. (Doc. 36-1 at ¶¶ 2, 17, 18, 19, 21, 22, 24); (*see also id.* at ¶¶ 1, 15, 16, 20, 23).[4]

As noted above, a key difference in the parties' positions is whether this case only concerns Wells Pharmacy's efforts to compound, dispense and advertise semaglutide + BPC-157, or broader category of purportedly adulterated drugs. Hence, prior to the stay, Novo Nordisk objected to Wells Pharmacy refusal to provide discovery into its "semaglutide" drugs (other than "semaglutide + BPC-

---

[4] These contrary positions are perplexing. On the one hand, Novo Nordisk stipulated that discovery could be stayed and the motion for summary judgment could be adjudicated based on the record thus far, and on the other hand, it argues that it could not respond to the motion for summary judgment because discovery had not been completed. A more fulsome record may have been obtained, had Novo Nordisk filed a motion requesting further discovery pursuant to Fed. R. Civ. P. 56(d). It did not.

157”). (Doc. 36-5 ¶ 10). Consistent with its position, Wells Pharmacy agreed to produce (i) its advertising of semaglutide + BPC-157, (ii) complaints Wells Pharmacy received regarding its semaglutide + BPC-157 preparations, (iii) documents identifying impurities in its semaglutide + BPC-157 preparations, (iv) documents sufficient to establish that it sold semaglutide + BPC-157 prior to the filing of the Complaint, and (v) documents sufficient to establish the date that Wells Pharmacy stopped compounding and dispensing semaglutide + BPC-157. (Doc. 38 at 9, Doc. 35-6).

A fair reading of the Complaint leads to the uncontrovertible conclusion that Novo Nordisk’s Complaint challenges Wells Pharmacy’s use, sale and advertisement of semaglutide + BPC-157 only. Throughout the Complaint, the challenged advertisement and adulterated drug is referred to as Wells Pharmacy’s compounded “Semaglutide + BPC-157” (Doc. 1 at ¶ 19, 20, 24, 42, 44, 45), and thus, the Motion will be decided on that basis. A plaintiff cannot defeat a motion for summary judgment by raising new claims or a new theory of recovery. “It is well-settled in this circuit that a plaintiff may not amend the complaint through argument at the summary judgment phase of proceedings.” *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 (11th Cir. 2012), abrogated on other grounds by *New York State Rifle & Pistol Ass’n, Inc. v. Bruen*, 597 U.S. 1 (2022) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) and *Hurlbert v. St. Mary’s Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir.2006).

"At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." *Hurlbert*, 439 F.3d at 1297. Here, Novo Nordisk has not sought leave to amend, and it certainly was on notice of Wells Pharmacy's correct interpretation of the Complaint when the parties were engaged in their discovery disputes. (Doc. 35 and attachments thereto); (Doc. 38).

**B. Article III**

Wells Pharmacy's central argument is that the Court lacks Article III authority to decide the present lawsuit. The Court agrees. Under the Declaratory Judgment Act, in a "case of actual controversy within its jurisdiction," a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007); *see also Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1251 (11th Cir. 2019) (explaining that the Declaratory Judgment Act doesn't "enlarge the jurisdiction of the federal courts" and that declaratory relief is subject to the "case or controversy" requirement of Article III). "Before a federal court may issue relief under the Act, there still must be a case or controversy that is live, is definite and concrete, and is susceptible to specific relief through a decree of a conclusive character, as

distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Gagliardi v. TJCV Land Trust*, 889 F.3d 728, 734 (11th Cir. 2018) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

Even if there is an actual controversy when a case is filed, the mootness doctrine ensures that a justiciable case or controversy is present at all stages of review. *Gagliardi*, 889 F.3d at 733. "Thus, a case becomes moot when the reviewing court can no longer offer any effective relief to the claimant." *Id.* "As with any federal suit, when a party seeks declaratory relief, the courts are required to examine whether there is an 'actual controversy,' without which a declaration may not issue." *Id.* at 735.

The Court in *Cambridge Christian* recently explained:

> A plaintiff seeking injunctive relief to prevent future injury must establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the 'threatened injury is certainly impending. . . . Allegations of "possible future injury" are not sufficient for Article III standing. . . . Likewise, a plaintiff has standing to seek declaratory relief only when there is a substantial likelihood that he will suffer injury in the future. The controversy between the parties cannot be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

115 F.4th at 1281 (internal citations and quotations omitted).

When faced with a motion for summary judgment, if the non-moving party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); (Doc.

40 at 4). Thus, the Court accepts as undisputed those facts properly supported by evidentiary materials and examines whether Novo Nordisk has met its burden of demonstrating an absence of any genuine issue of material fact such that it suffers a concrete particularized injury. Wells Pharmacy has presented uncontroverted evidence that it ceased compounding and advertising the only drug mentioned in the Complaint. (Doc. 31-2 at ¶¶ 7-8, 11); (Doc. 32-1). The court concludes that there is no actual controversy between the parties here, and the claims are moot. Nor is injunctive relief appropriate as there is no evidence that the purported wrongful behavior will likely occur or continue. Wells Pharmacy has shown it will not resume compounding with BPC-157 unless the FDA changes its position on the safety and efficacy of BPC-157. (Doc. 31-2 ¶ 15).

Accordingly, the motion for summary judgment is granted and all claims are dismissed for lack of Article III jurisdiction. *Gagliardi*, 889 F.3d at 735.

**C. Count III: Preemption**

Wells Pharmacy has not sought dismissal of Count III on the grounds of preemption. However, it raised preemption when it objected to any discovery sought solely for the purpose of enforcing the FDCA, arguing that the FDCA prohibits private enforcement, citing cases wherein courts repeatedly granted motions to dismiss where drug manufacturers attempted to enforce the FDCA under the guise FDUTPA or the Florida DCA claim. (Doc. 38 at 15). Indeed, numerous similar FDUTPA lawsuits have been dismissed on preemption grounds, and preemption

would likely apply here. Order, *Novo Nordisk v. WELLHealth Inc.*, No. 3:23-cv-00782-ACC-LLL (M.D. Fla. Jan. 30, 2025), ECF No. 63; Order, *Novo Nordisk, Inc, v. Live Well Drugstore, LLC*, No 3: 23-cv- 00808-ACC-PDB (M.D. Fla. Jan. 30, 2025), ECF No. 85; *Novo Nordisk, Inc. v. Brooksville Pharms. Inc.*, No. 8:23-CV-1503-WFJ-TGW, 2023 WL 7385819, at *3 (M.D. Fla. Nov. 8, 2023); *Eli Lilly & Co. v. Wells Pharmacy Network, LLC*, No. 5:23-CV-576-JSM-PRL, 2024 WL 1641673, at *3 (M.D. Fla. Feb. 5, 2024); *Eli Lilly & Co. v. RXCompoundStore.com, LLC*, No. 23-CV-23586, 2024 WL 1554339, at *6 (S.D. Fla. Apr. 9, 2024).

## IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Motion for Summary Judgment (Doc. 31) is **GRANTED**.
2. All other pending motions are **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment that Plaintiff Novo Nordisk, Inc. take nothing on its claims and Defendant Wells Pharmacy Network, LLC is entitled to costs.
4. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 12, 2025.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**NOVO NORDISK, INC.,**

**Plaintiff,**

**v.** **Case No: 5:23-cv-689-ACC-PRL**

**WELLS PHARMACY NETWORK, LLC,**

**Defendant.**

---

## JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiff Novo Nordisk, Inc. take nothing on its claims and Defendant Wells Pharmacy Network, LLC is entitled to costs.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: February 13, 2025

ELIZABETH M. WARREN,
CLERK

s/L. Richards, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

(b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. Section 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

(a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

APPEAL,CLOSED,MEDIATION,SL DOC

# U.S. District Court
# Middle District of Florida (Ocala)
# CIVIL DOCKET FOR CASE #: 5:23-cv-00689-ACC-PRL

Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC
Assigned to: Judge Anne C. Conway
Referred to: Magistrate Judge Philip R. Lammens
Cause: 15:1121 Trademark Infringement

Date Filed: 11/29/2023
Date Terminated: 02/13/2025
Jury Demand: None
Nature of Suit: 380 Personal Property: Other
Jurisdiction: Federal Question

**Plaintiff**

**Novo Nordisk, Inc.** represented by

**Gregory L. Halperin**
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
Fax: 212-841-1010
Email: ghalperin@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amee M Frodle**
Covington & Burling LLP
850 10th St NW
Washington, DC 20001
202-662-5551
Email: afrodle@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julie Ann Dohm**
Covington & Burling, LLP
850 Tenth Street
Washington, DC 20001
240-672-1767
Email: jdohm@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael X. Imbroscio**
Covington & Burling, LLP

One CityCenter
850 Tenth St NW
Washington, DC 20001-4956
202/662-6000
Email: mimbroscio@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tiffany Pamela Rodriguez**
Covington & Burling LLP
850 10th St NW
Suite 0991n
Washington, DC 20002
305-989-4503
Email: trodriguez@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan Scott Cohen**
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
515 East Las Olas Boulevard
SunTrust Center
Suite 1400
Fort Lauderdale, FL 33314
954-847-4800
Fax: 954-760-9353
Email: jcohen@wickersmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wells Pharmacy Network, LLC** represented by

**David L. Patron**
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130
504-566-1311
Email: patrond@phelps.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Harrison Golden**
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
504-566-1311
*TERMINATED: 03/29/2024*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Margaret L. Manning**
Phelps Dunbar LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130
504-566-1311
Email: margaret.manning@phelps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael S. Hooker**
Phelps Dunbar LLP
100 South Ashley Drive
Suite 2000
Tampa, FL 33602
813-472-7550
Email: michael.hooker@phelps.com
*ATTORNEY TO BE NOTICED*

**Robert Harrison Golden**
Phelps Dunbar LLP
365 Canal St
Suite 2000
New Orleans, LA 70130
504-584-9259
Email: harris.golden@phelps.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mediator**

**Terrence M. White** represented by **Terrence M. White**
Upchurch, Watson, White & Max
1400 Hand Avenue, Suite D
Ormond Beach, FL 32174
800/264-2622
Fax: 386/255-7722
Email: twhite@uww-adr.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 03/11/2025 | 53 | ☐ | NOTICE OF APPEAL as to 48 Order on Motion for Summary Judgment, 49 Judgment by Novo Nordisk, Inc.. Filing fee $ 605, receipt number AFLMDC-23116886. (Cohen, Jordan) (Entered: 03/11/2025) |

| | | | |
|---|---|---|---|
| 02/27/2025 | 52 | ☐ | MOTION for Entitlement to Costs and Attorney's Fees by Wells Pharmacy Network, LLC. (Attachments: # 1 Exhibit 1)(Golden, Robert) Modified on 2/28/2025 to edit the docket text (MLB). (Entered: 02/27/2025) |
| 02/13/2025 | 51 | ☐ | Trademark Report electronically sent to the U.S. Patent and Trademark Office. (Attachments: # 1 Copy of Order) (LNR) (Entered: 02/13/2025) |
| 02/13/2025 | 50 | | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. (Signed by Deputy Clerk). (LNR) (Entered: 02/13/2025) |
| 02/13/2025 | 49 | ☐ | **JUDGMENT entered that Plaintiff Novo Nordisk, Inc. take nothing on its claims and Defendant Wells Pharmacy Network, LLC is entitled to costs. Signed by Deputy Clerk on 2/13/2025. (LNR)** (Entered: 02/13/2025) |
| 02/12/2025 | 48 | ☐ | **ORDER Granting 31 Defendant Motion for Summary Judgment. All other pending motions are DENIED as moot. The Clerk is DIRECTED to enter judgment that Plaintiff Novo Nordisk, Inc. take nothing on its claims and Defendant Wells Pharmacy Network, LLC is entitled to costs. The Clerk is directed to close the case. Signed by Judge Anne C. Conway on 2/12/2025. (KLD)** (Entered: 02/12/2025) |
| 01/23/2025 | 47 | ☐ | NOTICE of a related action *supplement* per Local Rule 1.07(c) by Wells Pharmacy Network, LLC. Related case(s): Yes (Golden, Robert) (Entered: 01/23/2025) |
| 01/09/2025 | 46 | ☐ | **INITIAL CASE ORDER - Notice of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Parties have 14 days from the date of this order to file their disclosure statement (if not already filed) and to notify the court of a related action (not required if there are no related actions). Signed by Judge Anne C. Conway on 1/9/2025. (KLD)** (Entered: 01/09/2025) |
| 01/08/2025 | 45 | | Case Reassigned to Judge Anne C. Conway. New case number: 5:23-cv-ACC-PRL. Judge Timothy J. Corrigan no longer assigned to the case. (MDC) (Entered: 01/08/2025) |
| 01/08/2025 | 44 | ☐ | **ORDER TRANSFERRING CASE to the Honorable Anne C. Conway, with her consent. Signed by Senior Judge Timothy J. Corrigan on 1/8/2025. (SRW)** (Entered: 01/08/2025) |

| | | | |
|---|---|---|---|
| 09/19/2024 | 43 | ☐ | CERTIFICATE of interested persons and corporate disclosure statement *Amended as to the form of the document* by Novo Nordisk, Inc. identifying Corporate Parent Novo Nordisk US Holdings, Inc., Corporate Parent Novo Nordisk US Commercial Holdings, Inc., Corporate Parent Novo Nordisk A/S for Novo Nordisk, Inc.. (Cohen, Jordan) (Entered: 09/19/2024) |
| 09/18/2024 | 42 | ☐ | (INCORRECT EVENT USED; COUNSEL NOTIFIED TO REFILE) AMENDED document by Novo Nordisk, Inc. Amendment to 41 Certificate of Interested Persons and Corporate Disclosure Statement . (Cohen, Jordan) Modified on 9/19/2024 (AA). (Entered: 09/18/2024) |
| 09/12/2024 | 41 | ☐ | CERTIFICATE of interested persons and corporate disclosure statement *Amended Rule 7.1 and Local Rule 3.03 Disclosure Statement* by Novo Nordisk, Inc. identifying Corporate Parent Novo Nordisk US Holdings, Inc., Corporate Parent Novo Nordisk US Commercial Holdings, Inc., Corporate Parent Novo Nordisk A/S for Novo Nordisk, Inc. (Cohen, Jordan) Modified docket text on 9/13/2024 (SET). (Entered: 09/12/2024) |
| 09/03/2024 | 40 | ☐ | REPLY to Response to Motion re 31 MOTION for Summary Judgment filed by Wells Pharmacy Network, LLC. (Golden, Robert) (Entered: 09/03/2024) |
| 09/03/2024 | 39 | | **ENDORSED ORDER granting 37 Joint Motion to Stay Discovery. The Court vacates the remaining deadlines in the Case Management and Scheduling Order 27 to be reset as appropriate following decision on defendant's motion for summary judgment 31. Novo Nordisk's motion to compel discovery 35 is terminated, to be reactivated as appropriate at a later date. Signed by Judge Timothy J. Corrigan on 9/3/2024. (SRW)** (Entered: 09/03/2024) |
| 08/30/2024 | 38 | ☐ | RESPONSE in Opposition re 35 MOTION to Compel Discovery filed by Wells Pharmacy Network, LLC. (Golden, Robert) (Entered: 08/30/2024) |
| 08/20/2024 | 37 | ☐ | Joint MOTION to Stay Discovery by Novo Nordisk, Inc.. (Cohen, Jordan) (Entered: 08/20/2024) |
| 08/19/2024 | 36 | ☐ | RESPONSE to Motion re 31 MOTION for Summary Judgment filed by Novo Nordisk, Inc.. (Attachments: # 1 Novo's Response to Wells Pharmacy Network LLC's Statement of Uncontested Facts, # 2 Novo's Statement of Additional Undisputed Material Facts in Response to Wells Pharmacy Network LLC's Statement of Uncontested Facts, # 3 Declaration of Morten Hach in Support of Novo Nordisk Inc.'s Opposition to Wells Pharmacy Network LLC's MSJ, # 4 Hach Declaration - Exhibit 1, # 5 Declaration of Greg Halperin, # 6 Halperin Declaration - Exhibit 2)(Cohen, Jordan) (Entered: 08/19/2024) |
| 08/15/2024 | 35 | ☐ | MOTION to Compel Discovery by Novo Nordisk, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Affidavit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Cohen, Jordan) Motions referred to Magistrate Judge Philip R. Lammens. (Entered: 08/15/2024) |

| | | | |
|---|---|---|---|
| 08/02/2024 | 34 | ☐ | NOTICE of Supplementing Exhibit C re 31 MOTION for Summary Judgment by Wells Pharmacy Network, LLC (Attachments: # 1 Supplement Exhibit C)(Manning, Margaret) Modified on 8/5/2024 as to docket text (ARL). (Entered: 08/02/2024) |
| 08/01/2024 | 32 | ☐ | Unopposed MOTION to Seal Supporting Document to 31 Motion for Summary Judgment by Wells Pharmacy Network, LLC (Attachments: # 1 Proposed Sealed Item)(Manning, Margaret).Motions referred to Magistrate Judge Philip R. Lammens. Modified text on 8/2/2024 (BD). (Entered: 08/01/2024) |
| 07/29/2024 | 31 | ☐ | MOTION for Summary Judgment by Wells Pharmacy Network, LLC. (Attachments: # 1 Statement of Uncontested Fact, # 2 Affidavit Declaration of Fishman, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Request for Oral Argument)(Manning, Margaret) (Entered: 07/29/2024) |
| 06/27/2024 | 30 | ☐ | **ORDER granting 29 Motion for Protective Order. Signed by Magistrate Judge Philip R. Lammens on 6/27/2024. (Attachments: # 1 Exhibit endorsed stipulated protective order) (EE)** (Entered: 06/27/2024) |
| 06/10/2024 | 29 | ☐ | *Unopposed* Motion for Entry of Protective Order by Novo Nordisk, Inc.. (Cohen, Jordan) Modified event & text on 6/11/2024 (MJT). (Entered: 06/10/2024) |
| 03/29/2024 | 28 | | NOTICE TO COUNSELS Julie A Dohm and Tiffany Rodriguez of Local Rule 2.01(c), Special Admission of Non-Resident Lawyer - Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (BD) (Entered: 03/29/2024) |
| 03/28/2024 | 27 | ☐ | **CASE MANAGEMENT AND SCHEDULING ORDER: Amended Pleadings due by 4/5/2024; Joinder of Parties due by 4/5/2024; Plaintiff disclosure of expert report due by 9/13/2024; Defendant disclosure of expert report due by 10/11/2024; Discovery due by 11/8/2024; Conduct mediation hearing by 11/8/2024; Dispositive motions due by 11/22/2024; Pretrial statement due by 4/17/2025; All other motions due by 4/17/2025; Final Pretrial Conference set for 4/23/2025 at 10:00 AM in Ocala Courtroom to be determined before Judge Timothy J. Corrigan; Bench Trial set for trial term commencing 5/5/2025 at 9:00 AM in Ocala Courtroom to be determined before Judge Timothy J. Corrigan. Signed by Deputy Clerk on 3/28/2024. (Attachments: # 1 Docket Sheet, # 2 Mediation Report)(TPL)** (Entered: 03/28/2024) |
| 03/18/2024 | 26 | ☐ | CASE MANAGEMENT REPORT. (Cohen, Jordan) (Entered: 03/18/2024) |
| 02/08/2024 | 25 | ☐ | NOTICE of Lead Counsel Designation by Margaret L. Manning on behalf of Wells Pharmacy Network, LLC. Lead Counsel: David L. Patron. (Manning, Margaret) (Entered: 02/08/2024) |
| 02/07/2024 | 24 | ☐ | **ORDER granting 21 Motion to Appear Pro Hac Vice; granting 22 Motion to Appear Pro Hac Vice; granting 23 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Philip R. Lammens on** |

| | | | |
|---|---|---|---|
| | | | **2/7/2024. (EE)** (Entered: 02/07/2024) |
| 02/05/2024 | 23 | ☐ | MOTION for Margaret L. Manning to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21735802 for $150 by Wells Pharmacy Network, LLC. (Attachments: # 1 Exhibit Certificate of Good Standing)(Hooker, Michael) Motions referred to Magistrate Judge Philip R. Lammens. (Entered: 02/05/2024) |
| 02/05/2024 | 22 | ☐ | MOTION for R. Harrison Golden to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21735770 for $150 by Wells Pharmacy Network, LLC. (Attachments: # 1 Exhibit Certificate of Good Standing)(Hooker, Michael) Motions referred to Magistrate Judge Philip R. Lammens. (Entered: 02/05/2024) |
| 02/05/2024 | 21 | ☐ | MOTION for David L. Patron to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21735690 for $150 by Wells Pharmacy Network, LLC. (Attachments: # 1 Exhibit Certificate of Good Standing)(Hooker, Michael) Motions referred to Magistrate Judge Philip R. Lammens. (Entered: 02/05/2024) |
| 02/05/2024 | 20 | ☐ | NOTICE of a related action per Local Rule 1.07(c) by Wells Pharmacy Network, LLC. Related case(s): Yes (Hooker, Michael) (Entered: 02/05/2024) |
| 02/05/2024 | 19 | ☐ | CORPORATE Disclosure Statement by Wells Pharmacy Network, LLC. (Hooker, Michael) (Entered: 02/05/2024) |
| 02/05/2024 | 18 | ☐ | ANSWER and affirmative defenses to 1 Complaint by Wells Pharmacy Network, LLC.(Hooker, Michael) (Entered: 02/05/2024) |
| 02/05/2024 | 17 | ☐ | NOTICE of Lead Counsel Designation by Jordan Scott Cohen on behalf of Novo Nordisk, Inc.. Lead Counsel: Gregory L. Halperin. (Cohen, Jordan) (Entered: 02/05/2024) |
| 01/29/2024 | 16 | ☐ | **ORDER granting 14 Motion to Appear Pro Hac Vice; granting 15 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Philip R. Lammens on 1/29/2024. (EE)** (Entered: 01/29/2024) |
| 01/29/2024 | 15 | ☐ | Unopposed MOTION for Julie A. Dohm to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21707643 for $150 by Novo Nordisk, Inc.. (Attachments: # 1 Certificate of Good Standing)(Cohen, Jordan) Motions referred to Magistrate Judge Philip R. Lammens. (Entered: 01/29/2024) |
| 01/29/2024 | 14 | ☐ | Unopposed MOTION for Tiffany P. Rodriguez to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21707546 for $150 by Novo Nordisk, Inc.. (Attachments: # 1 Certificate of Good Standing)(Cohen, Jordan) Motions referred to Magistrate Judge Philip R. Lammens. (Entered: 01/29/2024) |
| 12/14/2023 | 13 | ☐ | **ORDER granting 9 Motion to Appear Pro Hac Vice; granting 10 Motion to Appear Pro Hac Vice; granting 11 Motion to Appear Pro Hac Vice. Signed by Magistrate Judge Philip R. Lammens on 12/14/2023. (EE)** (Entered: 12/14/2023) |

| | | | |
|---|---|---|---|
| 12/13/2023 | 12 | | NOTICE TO ALL COUNSEL of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who - unless the party changes the designation - remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (GL) (Entered: 12/13/2023) |
| 12/12/2023 | 11 | ☐ | Unopposed MOTION for Gregory L. Halperin to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21555745 for $150 by Novo Nordisk, Inc. (Attachments: # 1 Certificate of Good Standing) (Cohen, Jordan) Motions referred to Magistrate Judge Philip R. Lammens. Modified text on 12/13/2023 (GL). (Entered: 12/12/2023) |
| 12/12/2023 | 10 | ☐ | Unopposed MOTION for Amee M. Frodle to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21555732 for $150 by Novo Nordisk, Inc. (Attachments: # 1 Certificate of Good Standing) (Cohen, Jordan) Motions referred to Magistrate Judge Philip R. Lammens. Modified text on 12/13/2023 (GL). (Entered: 12/12/2023) |
| 12/12/2023 | 9 | ☐ | Unopposed MOTION for Michael X. Imbroscio to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC-21555709 for $150 by Novo Nordisk, Inc. (Attachments: # 1 Certificate of Good Standing) (Cohen, Jordan) Motions referred to Magistrate Judge Philip R. Lammens. Modified text on 12/13/2023 (GL). (Entered: 12/12/2023) |
| 12/06/2023 | 8 | ☐ | WAIVER of service returned executed on 12/5/23 by Novo Nordisk, Inc. as to Wells Pharmacy Network, LLC. (Cohen, Jordan) (Entered: 12/06/2023) |
| 12/01/2023 | 7 | ☐ | SUMMONS issued as to Wells Pharmacy Network, LLC. (LAB) (Entered: 12/01/2023) |
| 12/01/2023 | 6 | ☐ | Trademark Report electronically sent to the U.S. Patent and Trademark Office. (Attachments: # 1 Complaint, # 2 Docket sheet) (LAB) (Entered: 12/01/2023) |
| 11/30/2023 | 5 | | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (AMM) (Entered: 11/30/2023) |
| 11/30/2023 | 4 | | NOTICE TO COUNSEL Amee M. Frodle, Michael X. Imbroscio, Julie A. Dohm, Tiffany P. Rodriguez and Gregory L. Halperin Local Rule 2.01(c), Special Admission of Non-Resident Lawyer - File a Motion to Appear Pro Hac Vice. Co-counsel with filing rights may electronically file the motion on behalf of the non-resident lawyer or the motion may |

| | | | |
|---|---|---|---|
| | | | be filed on paper; Pay the Special Admission Fee; Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (RLK) (Entered: 11/30/2023) |
| 11/30/2023 | 3 | | NEW CASE ASSIGNED to Judge Timothy J. Corrigan and Magistrate Judge Philip R. Lammens. New case number: 5:23-cv-689-TJC-PRL. (RLK) (Entered: 11/30/2023) |
| 11/29/2023 | 2 | ☐ | CERTIFICATE of interested persons and corporate disclosure statement *Rule 7.1 and Local Rule 3.03 Disclosure Statement* by Novo Nordisk, Inc. identifying Corporate Parent Novo Nordisk US Holdings, Inc., Corporate Parent Novo Nordisk US Commercial Holdings, Inc., Corporate Parent Novo Nordisk A/S, Corporate Parent Novo Holdings A/S, Corporate Parent Novo Nordisk Foundation for Novo Nordisk, Inc.. (Cohen, Jordan) (Entered: 11/29/2023) |
| 11/29/2023 | 1 | ☐ | COMPLAINT against Wells Pharmacy Network, LLC (Filing fee $402 receipt number AFLMDC-21510688) filed by Novo Nordisk, Inc.. (Attachments: # 1 Exhibit A, # 2 Proposed Summons, # 3 Civil Cover Sheet)(Cohen, Jordan) (Entered: 11/29/2023) |

View Selected

or

Download Selected