## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**NOVO NORDISK, INC.,**

     **Plaintiff,**

**v.**                                                                    **Case No: 5:23-cv-689-ACC-PRL**

**WELLS PHARMACY NETWORK, LLC,**

     **Defendant.**

_____

### ORDER

This cause, upon referral, comes before the Court on a Motion for Entitlement to Costs and Attorney's Fees filed by Defendant Wells Pharmacy Network, LLC ("Defendant"). (Doc. 52). Defendant moves for entitlement to costs and attorney's fees pursuant to Local Rule 7.01(a), seeking an award of $250,289.00 in attorney's fees and $1,807.80 in costs as the purported prevailing party under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") and the Lanham Act. (Doc. 52 at p. 2; Doc. 52-1). Plaintiff Novo Nordisk, Inc. ("Plaintiff") opposes Defendant's motion, asserting that an award of attorney's fees and costs under FDUTPA and the Lanham Act is premature at this stage, given its recent appeal filed on March 11, 2025 (Doc. 53), which may obviate the need to pay any fees or costs. (Doc. 55). Given the pending appeal, Defendant's motion is due to be denied without prejudice as premature because FDUTPA precludes an award of attorney's fees until after the exhaustion of all appeals.

## I.    BACKGROUND

On November 29, 2023, Plaintiff filed suit against Defendant, alleging, *inter alia*, violations of FDUTPA, Fla. Stat. § 501.201 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Doc. 1). [1] On February 5, 2024, Defendant filed its answer, asserting affirmative defenses, including Plaintiff's lack of Article III standing to bring suit, and sought attorney's fees and costs incurred in defending the action. (Doc. 18 at p. 14).

On July 29, 2024, Defendant filed a Motion for Summary Judgment on all of Plaintiff's claims and sought an award for attorney's fees and costs as the prevailing party pursuant to FDUTPA, Fla. Stat. § 501.2105. (Doc. 31). On February 12, 2025, the Court granted Defendant's Motion for Summary Judgment, determining that the Plaintiff lacked Article III standing to bring suit. (Doc. 48 at pp. 14-16). The Court concluded that there was no actual controversy between the parties, rendering Plaintiff's claims moot because Defendant "presented uncontroverted evidence that it ceased compounding and advertising the only drug mentioned in the Complaint." (*Id*. at p. 16); (*see id*. at pp. 7-8).

The next day, on February 13, 2025, the Clerk entered a judgment in favor of Defendant, stating that it was entitled to costs and Plaintiff would take nothing on its claims. (Doc. 49). In the judgment, the Court instructed the parties that any motions seeking an award of attorney's fees and/or costs must be filed in accordance with Local Rule 7.01. (*Id*.).

---

[1] Specifically, Plaintiff filed its complaint against Defendant, seeking to enjoin Defendant's "unlawful business practice" of compounding, marketing, and selling adulterated, misbranded, and non-FDA approved semaglutide drugs containing the body-protecting compound 157 ("BPC-157") in violation of FDUTPA, Fla. Stat. § 501.201 *et seq.*, and the Florida Drug and Cosmetic Act, Fla. Stat. § 499.001 *et seq.* (Doc. 1); (*see* Doc. 48). Plaintiff sought a declaration that Defendant's business practices violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (Count I), constituted common law unfair competition (Count II), and violated the FDUTPA (Count III), as well as an injunction prohibiting Defendant from committing such violations. (Doc. 1); (*see* Doc. 48).

Following the entry of judgment in its favor, on February 27, 2025, Defendant timely filed the instant Motion for Entitlement to Costs and Attorney's Fees. (Doc. 52). Defendant seeks entitlement to an award of $250,289.00 in attorney's fees and $1,807.80 in costs as the purported prevailing party under FDUTPA, Fla. Stat. § 501.2105(1), and the Lanham Act, 15 U.S.C. § 1117(a). (Doc. 52; Doc. 52-1).

On March 11, 2025, Plaintiff filed a Notice of Appeal, appealing the Court's Order granting summary judgment (Doc. 48) and the judgment entered against it (Doc. 49). (Doc. 53). Plaintiff filed its response in opposition to Defendant's motion on March 13, 2025. (Doc. 55).

## II.    LEGAL STANDARDS

As a general matter, when an appeal is pending, the Court has discretion to defer ruling on a motion for attorney's fees and costs, or it may deny the motion without prejudice and, to the extent necessary, allow leave to file a renewed motion for attorney's fees and costs after the appeal has concluded. *See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, No. 8:06-CV-421-T-33EAJ, 2009 WL 1788373, at *1 (M.D. Fla. June 22, 2009); *Pub. Risk Mgmt. of Fla. v. Munich Reinsurance Am., Inc.*, No. 8:18-CV-1449-MSS-AEP, 2021 WL 4393291, at *1 (M.D. Fla. July 9, 2021). Historically, it has been "[t]his Court's practice . . . to deny motions for attorney's fees without prejudice when a matter has been appealed." *See Regions Bank v. Legal Outsource PA*, No. 2:14-476-FTM-PAM-MRM, 2017 WL 11461033, at *1 (M.D. Fla. Apr. 27, 2017); *Pub. Risk Mgmt. of Fla.*, 2021 WL 4393291, at *1-2 (denying defendant's motion on entitlement to an attorney of attorneys' fees and costs without prejudice and allowing the defendant, to the extent necessary, to renew its motion or submit a supplemental motion following the appeal).

"Indeed, such resolution seems most likely to preserve judicial resources, prevent piecemeal litigation of the issue of an award of attorneys' fees and costs, and promote the interests of efficiency and economy." *Pub. Risk Mgmt. of Fla.*, 2021 WL 4393291, at *1; *see Specialized Transp. of Tampa Bay, Inc.*, 2009 WL 1788373, at *1 (stating that "[t]his Court prefers to avoid the piecemeal adjudication of attorney's fees and costs" because "[i]f th[e] Court were to resolve the attorney's fees and costs issues while an appeal remains pending, it would likely be asked to repeat the procedure following the appeal); *Corey Airport Servs., Inc. v. City of Atlanta*, No. 1:04-CV-3243-CAP, 2011 WL 13216938, at *1 (N.D. Ga. Apr. 6, 2011) (noting that "it would be an inefficient use of limited judicial resources to address the plaintiff's motion for attorney's fees" while an appeal was pending).

## III. DISCUSSION

Defendant asserts that it is entitled to attorney's fees and costs as the prevailing party under FDUTPA, Fla. Stat. § 501.2105(1), and the Lanham Act, 15 U.S.C. § 1117(a). (Doc. 52). Defendant estimates their recoverable attorney's fees in the amount of $250,289.00 and costs in the amount of $1,807.80. (Doc. 52-1).

In opposition, Plaintiff argues that Defendant prematurely seeks an award of attorney's fees and costs under FDUTPA and the Lanham Act in this case, as it recently filed its Notice of Appeal. (Doc. 55 at p. 1). Plaintiff asserts that in light of its pending appeal, which may obviate the need to pay any fees or costs, the Court should hold costs in abeyance until the conclusion of the appeal. (*Id.*). As to attorney's fees, Plaintiff contends that Defendant's request for a determination of entitlement to fees as the purported prevailing party under FDUTPA should be denied as premature because Fla. Stat. § 501.2105 precludes an award of fees until after the "exhaustion of all appeals," or alternatively, because

Defendant failed to address the seven non-exhaustive factors considered by courts in determining FDUTPA fee awards. (*Id.* at pp. 4-5). Plaintiff further argues that Defendant's request for a determination of entitlement of fees as the purported prevailing party under the Lanham Act should be denied because this case is not considered "exceptional" under 15 U.S.C. § 1117(a), and the totality of circumstances does not support such a fee award. (*Id.* at pp. 5-7).

Section 501.2105 of FDUTPA provides, in relevant part, that "[i]n any civil litigation resulting from an act or practice involving a violation of this part, . . . the prevailing party, after judgment in the trial court *and exhaustion of all appeals*, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." *See* Fla. Stat. § 501.2105(1) (emphasis added). In particular, the statute "contemplate[s] that the motion [for attorney's fees and costs] be filed after the expiration of the appeal period." *See Am. Registry, LLC v. Hanaw*, No. 2:13-CV-352-FTM-29CM, 2015 WL 5687693, at *3 (M.D. Fla. Sept. 25, 2015); *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, No. 6:09-CV-1945-ORL28GJK, 2011 WL 13137984, at *4 (M.D. Fla. Oct. 28, 2011) (noting that Fla. Stat. § 501.2105 "precludes an award of attorney's fees until after the exhaustion of all appeals"); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 115 (11th Cir. 1994) (stating that "[s]ection 501.2105(1), which expressly includes the culmination of the appellate process in its definition of a prevailing party, clearly contemplates situations in which parties who at the trial level may be nonprevailing after the appellate process is exhausted. Were the law otherwise, parties who obtain reversals of trial court judgments on appeal could be liable for the attorney's fees of parties who erroneously prevailed in a trial court, a perverse result that the Florida legislature could not have intended").

As noted above, Plaintiff filed its Notice Appeal on March 11, 2025, as to the Court's summary judgment Order (Doc. 48), and the judgment entered against it (Doc. 49). (Doc. 53). Plaintiff's appeal is still pending as of the entry date of this Order. Determination of that appeal may affect the Court's consideration of a motion for attorney's fees and costs in this matter because pursuant to Fla. Stat. § 501.2105(1)—FDUTPA's attorney's fees provision, a prevailing party is entitled to attorney's fees and costs "after judgment in the trial court *and exhaustion of all appeals.*" *See* Fla. Stat. § 501.2105(1) (emphasis added).

Courts in the Middle District of Florida have interpreted the plain language of Fla. Stat. § 501.2105(1) at face value and routinely denied motions for attorney's fees (including motions for entitlement to attorney's fees) under FDUTPA without prejudice, subject to renewal, if appropriate, following the conclusion of an appeal. *See, e.g.*, *Bluhm v. Wyndham Vacation Ownership, Inc.*, No. 6:19-CV-2300-WWB-LHP, 2023 WL 3121397, at *10 (M.D. Fla. Mar. 13, 2023), *report and recommendation adopted*, No. 6:19-CV-2300-WWB-LHP, 2023 WL 3121299 (M.D. Fla. Apr. 13, 2023) (collecting cases).

Moreover, it does not appear that a resolution on the issue of attorney's fees or costs at this juncture would better inform or assist the Court of Appeals in its consideration of the appeal itself. *See Suntree Techs., Inc.*, 2011 WL 13137984, at *4; *Specialized Transp. of Tampa Bay, Inc.*, 2009 WL 1788373, at *1 ("Immediate resolution of the collateral issues of attorney's fees and costs is unlikely to assist the Court of Appeals. The record reflects no good cause for the motion for attorney's fees and the motion to deny costs to remain pending during pendency of the appeal."). As such, any time spent analyzing a fee request while an appeal is pending would be a waste of judicial economy and resources. *See Pub. Risk Mgmt. of Fla.*, 2021 WL 4393291, at *1.

Given the pending appeal, the persuasive authority from courts in this District on the issue, and the plain language of Fla. Stat. § 501.2105(1), the Court finds that Defendant's request for a determination of its entitlement to attorney's fees and costs is premature and best resolved following the conclusion of the appeal.[2]

## IV.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Defendant Wells Pharmacy Network, LLC's Motion for Entitlement to Costs and Attorney's Fees (Doc. 52) is **DENIED without prejudice**.

(2) Defendant Wells Pharmacy Network, LLC may file a renewed motion for entitlement to attorney's fees and costs pursuant to Local Rule 7.01(a), to the extent such a motion is proper, no later than 30 days after the final resolution of all appeals in this matter.

**DONE** and **ORDERED** in Ocala, Florida on April 4, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Based on this conclusion, and in the interest of judicial economy and to prevent piecemeal litigation on the issue of fees, the Court need not consider Defendant's request to determine its entitlement to attorney's fees and costs under the Lanham Act while the appeal is pending. *See Suntree Techs., Inc.*, at *3-4 (M.D. Fla. Oct. 28, 2011) (declining to address defendant's request to a determination of entitlement to attorney's fees under the Lanham Act during the pendency of an appeal, which included a FDUTPA claim, due to its conclusion reached on Fla. Stat. § 501.2105(1) that precluded an award of attorney's fees until after the exhaustion of all appeals).